THE MANUFACTURERS AND TRADERS' BANK OF BUFFALO,
Respondent, *v.* HARRIET M. KOCH, Administratrix, et al.,
Appellants.

While a party may be examined as to his own intentions and motives where a question of fraudulent intent on his part is in issue, it is not competent for him to testify as to the motives or intent of another party.

(Argued March 1, 1887; decided April 19, 1887.)

THIS was an action for conversion of certain personal property, brought originally against defendants' intestate, who as sheriff had levied upon the property. Plaintiff claims the property under a chattel mortgage executed to it by the judgment debtors, and under which it had taken possession before the levy. The defendant claimed the mortgage to be fraudulent and void. It appeared that there had been a prior chattel mortgage, which, at the request of plaintiff, had been taken up and the one in question executed and delivered to secure the same indebtedness. The principal portion of the opinion here is taken up with a discussion of the evidence on the question of fraud, the court reaching the conclusion that it was sufficient to authorize the submission of that question to the jury and that the same was fairly so presented by the charge.

The following is an extract from the opinion:

"There are some exceptions to rulings upon questions of evidence, but we are of opinion that they present no point which requires a reversal of the judgment. Certain questions relating to the intent or motives of the mortgagors in executing the first and second mortgages, were asked of the officers of the mortgagees and excluded. A party may be examined as to his own intentions and motives when a question of fraudulent intent on his part is in issue, but he cannot be permitted to testify as to the motives or intent of another party. Exception was also taken, and is now insisted upon, to the exclusion of testimony of Lauren C. Woodruff offered on his redirect-examination, for the purpose of showing that the first mortgage was fraudulent. Woodruff had been called as a witness by the defendant, and had been examined for the purpose of showing fraud in the second mortgage. He detailed the circumstances and the conversations which led to its execution, and was examined as to his intentions in giving it and as to his individual embarrassments. He was also examined on his direct-examination with reference to the first mortgage, and stated that the second mortgage was given as a renewal of the first; that the president of the plaintiff claimed that a great part of the goods covered by the first mortgage had been sold and new goods had come in and it

had ceased to be a security, and requested that a new inventory. be taken and a new mortgage executed, and that witness assented to the request  On his cross-examination on the part of the plaintiff, the witness was not asked anything about the first mortgage, but only as to the second, and his motives. for giving it,  Being then recalled on the part of the defendant, Mr. Woodruff was asked whether the first mortgage was ever intended to be enforced.  Objection being made to this question, the defendants' counsel offered to prove that the first mortgage was fraudulent.  The court refused to permit the proof to be made by the witness then on the stand, stating to counsel that that was part of his direct-examination.  We think this ruling was a proper exercise of the discretion of the court, and further that the question asked the witness was, in itself, improper as he was not competent to testify to the intention of the plaintiff with respect to enforcing the mortgage.  This, if material, must be shown by circumstances. or the declarations of the party."

*Matthew Hale* for appellants.

*John G. Milburn* for respondent

RAPALLO, J., reads for affirmance
All concur.
Judgment affirmed